UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BANCSERVICES GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:08CV16 HEA |
| | ) |
| THE BANK OF LARAMIE, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 11]. Defendant opposes the Motion. For the reasons set forth below, the Motion is granted.

Defendant removed this case from state court on January 22, 2008, alleging removal jurisdiction based on diversity of citizenship. The removal notice states that the case was filed on October 10, 2003, and that it did not become removable until plaintiff filed an amended petition on December 26, 2007, which alleged damages in excess of $75,000.00, the required amount in controversy under the diversity statute, 28 U.S.C. § 1332. This Court ordered Defendant to show cause why this matter should not be remanded based on the one year limit on removal of diversity cases. Defendant responded to the Court's Order, and thereafter, Plaintiff filed this Motion to remand.

On a Motion to Remand, Defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *See In re Bus. Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997); *In re Bus. Men's Assur. Co. of Am.,* 992 F.2d at 183.

Plaintiffs allege that Defendant's removal was untimely because it was not filed within one year of the commencement of this action in the state court. 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b)(emphasis added). The one-year limit only applies to cases that were not initially removable. *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002). Courts, however, disagree about whether the one-year limit is subject to an equitable exception, as Defendant urges. See *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-26 (5th Cir. 2003) (discussing

disagreement). Although the Eighth Circuit has not addressed this issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002).

This Court agrees with the discussion and reasoning articulated by Judge Hamilton in *Harris v. Alamo Rent-A-Car*, Case Number 4:007CV865 JCH. In *Harris*, Judge Hamilton recognized the split of authority and concluded that the one-year rule is not subject to an equitable exception. In so holding, Judge Hamilton expressed her concern that forum shopping should not be encouraged, however, she nonetheless concluded that

> the analysis of a statute must begin with its plain language, and if unambiguous, "that language is conclusive absent legislative intent to the contrary." *In re M & S Grading, Inc.*, 457 F.3d 898, 901 (8th Cir. 2006). Here, the plain language sets out an absolute one-year limit. The legislative history acknowledges that the one-year limit 'is a modest curtailment in access to diversity jurisdiction,' indicating Congress' awareness that some defendants may lose access to a federal forum. H.R.Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33. Finally, creating an exception to the one-year limit contravenes the Court's role of interpreting and applying a statute as written by Congress. See *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir. 2006) (acknowledging that Congress, not the courts, write statutes); *Royer v. Harris Well Serv., Inc.*, 741 F. Supp. 1247, 1248 (M.D. La. 1990) (holding it is for Congress to rewrite § 1446(b)).

Because this action was removed well beyond one year from the commencement of this action in the State Court, the removal was not timely under 28 U.S.C. § 1446(b). The Motion to Remand will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of Mississippi County, Missouri.

Dated this 26th day of March, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE